IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISON

CHARLES STEWART,

   Plaintiff,

v.

FRANK KENDALL, in his official capacity as the SECRETARY of the DEPARTMENT OF THE AIR FORCE,

   Defendant.

Civil Case Number:
3:24-cv-00120-MCR-HTC

## DEFENDANT'S MOTION TO DISMISS, MOTION TO STRIKE, AND MOTION FOR MORE DEFINITE STATEMENT

Pursuant to Rule 12(b)(6) and Rule 12(e) of the Federal Rules of Civil Procedure, Frank Kendall, in his official capacity as the Secretary of the Department of the Air Force, moves to dismiss some of the allegations in the Complaint in the above-styled action on the grounds that they are barred for failure to exhaust,[1] and moves for a more definite statement as to the remaining allegations of the Complaint so that Defendant can adequately respond.

---

[1] A district court has a duty to narrow the issues by stripping away frivolous claims and allowing potentially meritorious claims to proceed. *Bell v. Fla. Highway Patrol*, 325 F. App'x 758, 761 (11th Cir. 2009); *Ebrahimi v. City of Huntsville Bd. of Ed.*, 114 F.3d 162 (11th Cir. 1997). .

,

Plaintiff Charles Stewart ("Stewart") alleges that he was subjected to disparate treatment based on age (Count I) and that he was subjected to reprisal for filing an EEO complaint (Count II). (ECF 1). Although Count I and Count II do not specify how Stewart was discriminated or reprised against, those Counts incorporate the "Statement of Ultimate Facts" set forth in paragraphs 6-34 of the Complaint, several of which were not exhausted, as set forth more fully below. (ECF 1). In addition, because the Complaint is so vague and ambiguous that Defendant cannot determine which factual allegations Plaintiff contends supports the claims alleged in Count I and II, Defendant requests this Court to order Plaintiff to file a more definite Complaint.

## **PROCEDURAL HISTORY**

1. Stewart made initial contact with and EEO counselor on April 24, 2023. (ECF 2-3).[2]

2. The Right to File was issued on June 8, 2023. (ECF 2-2).

3. Stewart filed a formal complaint with the EEO on June 12, 2023, alleging:

---

[2] A court make take judicial notice of EEO documents attached to a Motion to Dismiss without converting it to a Motion for Summary Judgment. *Ellison v. Postmaster Gen., United States Postal Serv.*, 2022 U.S. App. LEXIS 27555, at *20 (11th Cir. Oct. 3, 2022)

,

      a.    Between March-May 2021, he was not selected for the Supervisory Special Maritime Operations Support Specialist position based on his age;

      b.    On April 19, 2023, he was not selected for the Supervisory Range Operations Specialist position based on his age;

      c.    On May 10, 2023, he was reprised against when his leave request was denied, and his supervisor was changed.   (ECF 2-4).

4. Stewart amended his EEO complaint on June 20, 2023, to allege that he was reprised against when his doctor's recommendations that he return to work were ignored and his private health information was requested. (ECF 2-1).

5. On February 9, 2024, the Final Agency decision was issued, holding that Stewart's failure to promote claim based on the Supervisory Special Martine Operations position was barred because it was not brought within 45 days and finding that Plaintiff was not discriminated against or retaliated against. (ECF 2-5).

## ARGUMENT

It is well-established that a federal employee must exhaust administrative remedies before filing a claim for unlawful employment practices in federal district court.  *Brown v. Snow*, 440 F.3d 1259, 1262 (11th Cir. 2006); *Grier v. Sec'y of the Army*, 799 F.2d 721, 724 (11th Cir. 1986); 29 C.F.R. § 1614.101, *et seq*.  The purpose of the exhaustion requirement is to give the federal agency an opportunity to investigate the alleged discriminatory practice. *Gregory v. Ga. Dep't of Hum. Res.*, 355 F.3d 1277, 1279-80 (11th Cir. 2004).  For that reason, claims brought in

...

,

federal court are limited to those that reasonably can be expected to grow out of an administrative charge of discrimination. *Id.* The proper inquiry as to whether the excluded allegations grow out of the included charges is whether the judicial complaint is "like, or related to, or grew out of, the administrative allegations," and whether they "amplify, clarify, or more clearly focus" the properly filed charges. *Basel v. Sec'y of Defense*, 507 Fed. App'x. 873, 876 (11th Cir. 2013).

The first step of the EEO process for a federal employee requires the employee to initiate contact with an EEO counselor from the employing agency within forty-five days of "of the "matter alleged to be discriminatory." 29 C.F.R. § 1614.105(a)(1); *see also Gaillard v. Shinseki,* 349 Fed. App'x. 391, 392 (11th Cir. 2009). Each specific allegation of discrimination and retaliation must be reported to an EEO counselor within 45 days of the specific allegation, or the claim is barred as a matter of law. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) ("[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges").

If the federal employee fails to initiate the EEO process within the forty-five-day window, the claim is barred for failure to exhaust administrative remedies. *See Shiver v. Chertoff*, 549 F.3d 1342, 1344 (11th Cir. 2008) ("Generally, when the claimant does not initiate contact within the 45–day charging period, the claim is barred for failure to exhaust administrative remedies."); *Thomas v. Miami Veterans*

*Med. Ctr.*, 290 Fed. App'x. 317, 319 (11th Cir. 2008) (affirming summary judgment for defendant when plaintiff's initial contact with the EEO counselor was outside of the forty-five-day window and therefore untimely).

If the issue is not resolved at the first stage of the EEO process, the EEO counselor notifies the employee of the right to file a formal complaint with the agency, and the employee has 15 days from the date of receipt to file a formal EEO complaint. 29 C.F.R. § 1614.105(d). Thereafter, the agency will investigate the complaint and issue a final agency decision. The employee can appeal the final agency decision within 30 days of receipt, 29 C.F.R. § 1614.402, or file a civil action in federal district court within 90 days of receipt if no appeal is filed, 29 C.F.R. § 1614.407.

A plaintiff's failure to exhaust administrative remedies can only be excused in extraordinary cases where the plaintiff can show "a good faith effort to comply with regulations coupled with detrimental reliance on false information from the defendant." *Twitty v. Potter*, 2008 WL 2277528 at *3 (N.D. Fla. 2008). Where, as here, a defendant contests the issue of administrative exhaustion, Plaintiff must establish that she timely met the filing and exhaustion requirements. *Green v. Cou. Union Foundry Co.*, 281 F.3d 1229, 1233 (11th Cir. 2002). *See also Hawkins v. Esper*, 2019 WL 5963520, at *5 (N.D. Ala. Nov. 13, 2019) (holding that EEO complaint filed one day late is untimely; timely filings are a "condition to the

5

waiver of sovereign immunity" and are "strictly construed"); *see also Vazquez-Rivera v. Figueroa*, 759 F.3d 44, 49 (1st Cir. 2014) ("The district court thus correctly found that Vázquez's administrative filing on July 27 [one day late] fell outside the fifteen-day period and was untimely under 29 C.F.R. § 1614.106(b).").

1. **Plaintiff's claim regarding the Supervisory Special Maritime Support Specialist position is barred.**

The Complaint alleges that "[i]n the Spring 2021, Plaintiff was denied a promotion to Supervisory Special Maritime Operations Support Specialist. Cathell claimed Plaintiff wasn't qualified because he lacked a mechanical background. However, Plaintiff had mechanical abilities and had even attended Maritime outboard repair school. Plaintiff told Cathell he had applied for the supervisor position not the maintenance position. Cathell told Plaintiff he would be the ideal candidate for the Range Support Supervisor position when it became available." (ECF 1, ¶14).

As previously determined in the Final Agency Decision, Plaintiff's age discrimination claim based on his failure to promote allegation arising out of the Supervisory Special Maritime Operations Specialist position is barred for failure to exhaust. (ECF 2-5, pp. 7-8). Plaintiff first contacted the EEO on April 21, 2023, far more than 45 days past the time he was denied this promotion. (ECF 2-1 & 2). Accordingly, Plaintiff's failure to promote claim premised upon the Supervisory

6

Special Maritime Operations Support Specialist position is due to be dismissed for failure to exhaust, and paragraph 14 of the Complaint is due to be stricken.

> **2. Allegations in paragraph 28-33 of the Complaint were never raised at the EEO level.**

As set forth above, each specific allegation of discrimination and retaliation must be reported to an EEO counselor within 45 days of the specific allegation, or the claim is barred as a matter of law. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002).

At the EEO level, Plaintiff never alleged the facts set forth in paragraph 28-33 of the Complaint and never attempted to amend his EEO complaint to allege those facts. Thus, to the extent any of these allegations are intended to support Counts I and II of the Complaint, they are due to be dismissed and stricken.

> **3. The Complaint is vague and ambiguous.**

While Count I of the Complaint alleges age discrimination and Count II alleges reprisal, the Complaint does not specify what conduct Plaintiff contends supports each Count. Instead, each Count incorporates all of the preceding "Statement of Ultimate Facts," making it impossible to discern which of those alleged facts supports each of Plaintiff's claim. *See Halbig v. Lake Cnty*., 2024 U.S. App. LEXIS 2844, *3 (11th Cir. February 7, 2024) ("Shotgun pleadings include complaints that: (1) contain multiple counts where each count adopts the allegations of all preceding counts; (2) are replete with conclusory, vague, and

,

immaterial facts not obviously connected to any particular cause of action; (3) do not separate each cause of action or claim for relief into separate counts; or (4) assert multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions")(citations omitted). Accordingly, pursuant to Rule 12(e), Defendant moves for a more definite statement of the Complaint requiring Plaintiff to allege which facts support which Count so that Defendant can reasonably and adequately prepare a response.

## **CONCLUSION**

WHEREFORE, Defendant respectfully requests this Court to dismiss and strike paragraphs 14 and 28-33 of the Complaint, and to require Plaintiff to file a more definite Complaint specifying which alleged facts give rise to which Count.

> Respectfully submitted,
>
> JASON R. COODY
> United States Attorney
>
> ***/s/ Elizabeth Barry Trice***
> **ELIZABETH BARRY TRICE**
> Assistant United States Attorney
> Alabama Bar No. 4558k69b
> 21 E. Garden Street, Suite 400
> Pensacola, FL 32502
> elizabeth.trice@usdoj.gov
>
> ATTORNEYS FOR DEFENDANT

,

## LOCAL RULE 7.1(F) CERTIFICATION

I HEREBY CERTIFY that the foregoing motion for summary judgment, excluding the case caption and certifications, contains 1717 words based upon Microsoft Word's word count, in compliance with Local Rule 7.1(F).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 24, 2024, the foregoing was filed electronically with the Clerk of the Court using the CM/ECF filing system and served on all counsel of record.

*/s/ Elizabeth Barry Tricer*
**ELIZABETH BARRY TRICE**