## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**CHARLES STEWART,**                    **CASE NO.: 3:24-cv-00120-MCR-HTC**

      **Plaintiff,**

**v.**

**FRANK KENDALL, in his official
capacity as the SECRETARY of the
DEPARTMENT OF THE AIR FORCE,**

      **Defendant,**

_____/

### AMENDED COMPLAINT

Plaintiff, CHARLES STEWART, hereby sues Defendant, FRANK

KENDALL, in his official capacity as the SECRETARY of the DEPARTMENT OF

THE AIR FORCE, and alleges:

### NATURE OF THE ACTION

1.      This is an action brought under the Age Discrimination in Employment

Act, (ADEA), codified at 29 U.S.C. §621 et seq. including without limitation §633

et seq., and 42 U.S.C. §1981a. Attorneys' fees and costs are also sought under 28

U.S.C. §2412.

2.      This action involves claims which are, individually, in excess of

Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs and interest.

## THE PARTIES

3.    At all times pertinent hereto, Plaintiff, CHARLES STEWART, has been a resident of the State of Florida and was employed by Defendant. Plaintiff is a member of a protected class due to his age (over 40). Plaintiff was retaliated against after reporting Defendant's unlawful employment practices.

4.    At all times pertinent hereto, Defendant, FRANK KENDALL in his official capacity as the SECRETARY of the DEPARTMENT OF THE AIR FORCE, has been organized and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims.

## CONDITIONS PRECEDENT

5.    Plaintiff has satisfied all conditions precedent to bringing this action, if any, regarding the events and incidents that occurred beginning in April, 2022.

## STATEMENT OF THE ULTIMATE FACTS

6.    Plaintiff, a sixty-two (62) year-old male, began his employment with Defendant on or about November 9, 2009, and holds the position of Senior Duty Officer.  He was employed at Hurlburt Field with Defendant and retired in February 2024 effective May, 2024.

7.    Despite his stellar work performance during his employment with Defendant, Plaintiff was subjected to disparate treatment, different terms and conditions of employment, and held to a different standard because of his age (over 40) and was retaliated against after reporting this discrimination.

8.    The disparate treatment and retaliation came at the hands of specifically but not limited to 1 SOSS Range Support Flight Chief John Cathell, an approximately a fifty-year-old (50) male.

9.    Plaintiff began working for Defendant as a Range Support Specialist.

10.    Plaintiff was a loyal, dedicated, and industrious employee.

11.    Plaintiff was treated less favorably than co-workers outside of his protected class, his age, including but not limited to Range Support Supervisor, Corey Casey, an approximately forty-year-old (40) male, Roy Fox, an approximately forty-eight-year-old (48) male, and Kelly Schofield, an approximately a fifty-eight-year-old (58) male, regarding promotions and being able to work despite not meeting 100% of their position descriptions.

12.    By way of example, Casey was promoted to Range Support Supervisor in April 2023 over Plaintiff despite the fact that Plaintiff was better qualified for the promotion, as described in more detail below. Cathell also told Plaintiff he could not return to work when he could not meet 100% of his job

duties on his position description while Fox and Schofield were permitted to work when they could not meet 100% of their position descriptions.

## BACKGROUND

13.    As background only and not for the purpose of recovery in this case, in the Spring 2021, Plaintiff was denied a promotion to Supervisory Special Maritime Operations Support Specialist. Cathell was the decisionmaker as to who received this position.  Cathell claimed Plaintiff wasn't chosen because he lacked a mechanical background. However, Plaintiff had mechanical abilities and had even attended Maritime outboard repair school.  Cathell told Plaintiff he would be the ideal candidate for another position, the Range Support Supervisor position, when it became available, as if to justify not hiring Plaintiff for the Maritime position. Additionally, the Maritime Supervisor position did not require any mechanical experience, which Cathell ignored when Plaintiff asked about the position, which Joe Griffin received, who was significantly younger than Plaintiff, in his 30s, and less qualified than Plaintiff for the Maritime Supervisor position.

14.    In the Fall 2022, Cathell approached Plaintiff and asked about his plans and intentions for the future in OSR or Range Support Flight. Plaintiff told Cathell he would be eligible for retirement in a few years but that if the opportunity for a promotion to a supervisor position became available he would accept the position and postpone retirement.

4

15.    In November 2022, Cathell told Plaintiff he would be filling in for Supervisor Jeffrey Morrison, an approximately a fifty-year-old (50) male, until the position was filled permanently.

16.    A few days later Plaintiff asked Morrison to be shown aspects of the Supervisor position he would be filling.

17.    Shortly thereafter, another team member stated Morrison and another coworker were upset that Plaintiff was identified as the interim Supervisor. Plaintiff then relayed what was said to Cathell who replied, "I don't give a fuck what people say, you'll be sitting in for Jeff (Morrison) when he leaves."

## CLAIMS FOR WHICH PLAINTIFF SEEKS RECOVERY

18.    In April 2023 Plaintiff interviewed for the permanent supervisor position. Plaintiff was not allotted the same amount of time as the other employees interviewing for this position. During the interview Plaintiff was not asked any questions about the day-to-day operations of the section, nor about his experience within the organization. Instead, the questions were about life experiences and were very subjective. After Plaintiff answered questions, he was offered the opportunity to present his qualifications. Plaintiff displayed a binder with the same documents submitted to USA Jobs, which showcased his years of experience, work related courses, administrative abilities, institutional knowledge, and letters of recommendation, in addition to short- and long-term goals for the section. Cathell

then said, "No we are not going to do that" meaning going through Plaintiff's credentials showing that he was qualified for the position and immediately ended the interview.

19.     After the interview Hiring Board Member Joe Fisher, an approximately sixty-three-year-old (63) male, told Plaintiff "You did very well, and hands down, are the most qualified of the eight members interviewed." Fisher told Plaintiff he was his number one pick for the promotion. Fisher stated that of those interviewed, Plaintiff was the only one who had included character references and letters of recommendation and who had short- and long-term goals for the section. Plaintiff was also told by Fisher that he was the only candidate who submitted back up documents supporting his credentials and experience.

20.     On April 19, 2023, Plaintiff was denied the promotion to Range Support Supervisor and instead Cathell chose a younger less experienced candidate, Corey Casey, for the position. Plaintiff was significantly more qualified than Casey for the position.

21.     In April 2023, Plaintiff was diagnosed with long term Covid 19, of which he made Defendant aware.

22.     On or around April 21, 2023, Plaintiff contacted an EEO counselor within Defendant to initiate the informal processing of a discrimination complaint against Defendant.  Plaintiff's supervisors were made aware of this complaint.

23.    In mid-May 2023, Plaintiff's physician placed him on limited duty restrictions.

24.    In June 2023, Plaintiff's doctor wrote a letter to Defendant that stated he could return to desk duty and light duty three days a week. In retaliation against Plaintiff and as ongoing age discrimination, Cathell told Plaintiff that if he could not meet 100% of his position description requirements he could not return to work. Cathell also illegally requested all of Plaintiff's medical information in order to have Plaintiff declared not fit for duty.

25.    But Cathell had allowed other employees to return to work including Roy Fox, an approximately forty-eight-year-old (48) male, and Kelly Schofield, an approximately a fifty-eight-year-old (58) male, who could not meet 100% of their position description as Fox did not have the required security clearance, and Schofield could not meet 100% of his position requirements due to a serious medical condition and was unable to work. Cathell did not request at least Schofield's medical records and allowed Fox to work illegally with Defendant when he did not have the required security clearance.

26.    In retaliation for his complaint of discrimination and as ongoing age discrimination, in the June, 2023 time period, Cathell also declared Plaintiff unfit for duty and refused to allow Plaintiff to return to work.  Cathell never allowed Plaintiff to return to his job at Hurlburt Range Support (OPFOR), and he was

forced to work the remainder of his employment with Defendant from around July 2023 until his retirement in February 2024 in a Civilian Executive position to the Commander of the First Special Operations Support Squad and then performed duties as a Senior Duty Officer for the First South Command Post at Hurlburt.

27.     On or around June 12, 2023, Plaintiff filed his formal complaint with Defendant's EEO office in which he claimed age discrimination. In his EEO complaint, Plaintiff reported that Casey was promoted to Supervisor despite the fact that Plaintiff was better qualified for the position because Casey was significantly younger than Plaintiff.

28.     By that time, Plaintiff was experiencing retaliation due to his EEO complaint in April, 2023 and he reported in his EEO filings the failure to accommodate him, ongoing discrimination based on age and the retaliation against him that occurred from the date he filed his informal EEO complaint as set forth in paragraphs 24-27 above.

29.     Almost immediately following the filing of Plaintiff's formal EEO complaint, Cathell required that Plaintiff undergo a fitness for duty evaluation. However, Commander Voke stepped in and reassigned Plaintiff to the Civilian Executive position described in paragraph 26 above.  Voke delayed the fitness for duty evaluation based on Plaintiff's physician's evaluation that he should be recovering within 6 months.

30.    In February 2024, Voke asked Plaintiff how he was doing and Plaintiff said he was not doing any better. Voke said Plaintiff needed to take the fitness for duty assessment and Plaintiff replied that instead he would file for retirement effective May 2024.

31.    Plaintiff has retained the undersigned to represent his interests in this cause and is obligated to pay a fee for these services. Defendant should be made to pay said fee under the laws referenced above.

## COUNT I
## AGE DISCRIMINATION

32.    Paragraphs 1 through 31 are re-alleged and incorporated herein by reference.

33.    This is an action against Defendant for age-based discrimination brought under 29 U.S.C. §621 et seq.

34.    Plaintiff has been the victim of discrimination on the basis of Plaintiff's age in that Plaintiff was treated differently than similarly situated younger employees of Defendant and has been subject to hostility and poor treatment on the basis, at least in part, of his age.

35.    Defendant failed to hire, discharged, or otherwise discriminated against Plaintiff with respect to Plaintiff's compensation, terms, conditions, or privileges of employment because of, at least in part, Plaintiff's age.

36.     Alternatively, Defendant deprived attempted to deprive Plaintiff of employment opportunities and/or took actions which adversely affected Plaintiff's status as an employee in that Defendant limited, segregated, or classified Plaintiff or reduced Plaintiff's wages.

37.     Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

38.     Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.

39.     Defendant's known allowance and ratification of these actions and inactions actions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

40.     In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of an age-based nature and in violation of the laws set forth herein.

41.    The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant and resulted in adverse actions against Plaintiff.

42.    Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon age.

43.    As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits.  These damages have occurred in the past, are permanent and continuing.  Plaintiff is entitled to injunctive/equitable relief.

## COUNT II
## <u>RETALIATION</u>

44.    Paragraphs 1-12 and 22-31 are re-alleged incorporated herein by reference.

45.    This is an action against Defendant for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting him.

46.    Defendant is an employer as that term is used under the applicable statutes referenced above.

47.    The foregoing unlawful actions by Defendant were purposeful.

48.     Plaintiff voiced opposition to unlawful employment practices during his employment with Defendant and has been the victim of retaliation thereafter.

49.     The events set forth herein have led, at least in part, to adverse actions against Plaintiff.

50.     Plaintiff is a member of a protected class because he reported unlawful employment practices and has been the victim of retaliation thereafter.  There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

51.     As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, lost opportunities, loss of capacity for the enjoyment of life, and other tangible and intangible damages.  These damages are continuing and are permanent.  Plaintiff is entitled to injunctive/equitable relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a)     that process issue and this Court take jurisdiction over this case;

(b)     that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's

obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c)     enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d)     enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e)     enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f)     award Plaintiff interest where appropriate; and

(g)     grant such other further relief as being just and proper under the circumstances, including but not limited to reinstatement.

## <u>DEMAND FOR TRIAL BY JURY</u>

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

Respectfully submitted,


/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
203 North Gadsden Street
Tallahassee, FL 32301
Telephone:  (850) 383-4800
Facsimile:   (850) 383-4801

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been

furnished to all counsel of record by CM/ECF this 10th day of June 2024.


/s/ Marie A. Mattox
Marie A. Mattox