# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISON

CHARLES STEWART,

    Plaintiff,

v.

FRANK KENDALL, in his official capacity as the SECRETARY of the DEPARTMENT OF THE AIR FORCE,

    Defendant.

Civil Case Number:

3:24 cv-00120-MCR-HTC

## DEFENDANT'S MOTION TO DISMISS AND MOTION TO STRIKE THE AMENDED COMPLAINT

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Frank Kendall, in his official capacity as the Secretary of the Department of the Air Force, moves to dismiss some of the allegations in the Amended Complaint in the above-styled action on the grounds that they are barred for failure to exhaust.[1]

Plaintiff Charles Stewart ("Stewart") alleges that he was subjected to disparate treatment based on age (Count I) and that he was subjected to reprisal for

---

[1] A district court has a duty to narrow the issues by stripping away frivolous claims and allowing potentially meritorious claims to proceed. *Bell v. Fla. Highway Patrol*, 325 F. App'x. 758, 761 (11th Cir. 2009); *Ebrahimi v. City of Huntsville Bd. of Ed.*, 114 F.3d 162 (11th Cir. 1997).

,

filing an EEO complaint (Count II). (ECF 1). Although Count I and Count II of the Amended Complaint still do not specify how Stewart was discriminated or reprised against, those Counts incorporate the "Background" and "Claims which Plaintiff Seeks Recovery" set forth in paragraphs 13-31 of the Amended Complaint, several of which were not exhausted, as set forth more fully below.[2] (ECF 8).

## PROCEDURAL HISTORY

1. Stewart made initial contact with and EEO counselor on April 24, 2023. (ECF 10-1).[3]

2. Stewart filed a formal complaint with the EEO on June 12, 2023, alleging:

   a. Between March-May 2021, he was not selected for the Supervisory Special Maritime Operations Support Specialist position based on his age;

---

[2] The Amended Complaint concedes that the allegations pertaining to the Supervisory Special Maritime Operations Support Specialist position from the Spring of 2021, are barred since it now labels these events as "Background," as opposed to "Claims for which Plaintiff seeks recovery." (ECF 8). As demonstrated below, however, the Amended Complaint continues to contain allegations contained in the "Claims for which Plaintiff seeks recovery" portion that Plaintiff never raised at the EEO level and thus are barred for failed to exhaust.

[3] A court make take judicial notice of EEO documents attached to a Motion to Dismiss without converting it to a Motion for Summary Judgment. *Ellison v. Postmaster Gen., United States Postal Serv.*, 2022 U.S. App. LEXIS 27555, at *20 (11th Cir. Oct. 3, 2022)

,

> b.   On April 19, 2023, he was not selected for the Supervisory Range Operations Specialist position based on his age;
>
> c.   On May 10, 2023, he was reprised against when his leave request was denied, and his supervisor was changed.   (ECF 10-2).

4.  Stewart amended his EEO complaint on June 20, 2023, to allege that he was reprised against when his doctor's recommendations that he return to work were ignored and his private health information was requested. (ECF 10-3).

5.  On February 9, 2024, the Final Agency decision was issued, holding that Stewart's failure to promote claim based on the Supervisory Special Martine Operations position was barred because it was not brought within 45 days and finding that Plaintiff was not discriminated against or retaliated against. (ECF 10-4).

## **<u>ARGUMENT</u>**

It is well-established that a federal employee must exhaust administrative remedies before filing a claim for unlawful employment practices in federal district court. *Brown v. Snow*, 440 F.3d 1259, 1262 (11th Cir. 2006); *Grier v. Sec'y of the Army*, 799 F.2d 721, 724 (11th Cir. 1986); 29 C.F.R. § 1614.101, *et seq.*   The purpose of the exhaustion requirement is to give the federal agency an opportunity to investigate the alleged discriminatory practice. *Gregory v. Ga. Dep't of Hum. Res.*, 355 F.3d 1277, 1279-80 (11th Cir. 2004).   For that reason, claims brought in federal court are limited to those that reasonably can be expected to grow out of an

3

administrative charge of discrimination.  *Id.*  The proper inquiry as to whether the excluded allegations grow out of the included charges is whether the judicial complaint is "like, or related to, or grew out of, the administrative allegations," and whether they "amplify, clarify, or more clearly focus" the properly filed charges. *Basel v. Sec'y of Defense*, 507 Fed. App'x. 873, 876 (11th Cir. 2013).

The first step of the EEO process for a federal employee requires the employee to initiate contact with an EEO counselor from the employing agency within forty-five days of "of the "matter alleged to be discriminatory." 29 C.F.R. § 1614.105(a)(1); *see also Gaillard v. Shinseki,* 349 Fed. App'x. 391, 392 (11th Cir. 2009).  Each specific allegation of discrimination and retaliation must be reported to an EEO counselor within 45 days of the specific allegation, or the claim is barred as a matter of law.  *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) ("[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges").

If the federal employee fails to initiate the EEO process within the forty-five-day window, the claim is barred for failure to exhaust administrative remedies. *See Shiver v. Chertoff*, 549 F.3d 1342, 1344 (11th Cir. 2008) ("Generally, when the claimant does not initiate contact within the 45–day charging period, the claim is barred for failure to exhaust administrative remedies."); *Thomas v. Miami Veterans Med. Ctr.*, 290 Fed. App'x. 317, 319 (11th Cir. 2008) (affirming summary

4

,

judgment for defendant when plaintiff's initial contact with the EEO counselor was outside of the forty-five-day window and therefore untimely).

If the issue is not resolved at the first stage of the EEO process, the EEO counselor notifies the employee of the right to file a formal complaint with the agency, and the employee has 15 days from the date of receipt to file a formal EEO complaint. 29 C.F.R. § 1614.105(d). Thereafter, the agency will investigate the complaint and issue a final agency decision. The employee can appeal the final agency decision within 30 days of receipt, 29 C.F.R. § 1614.402, or file a civil action in federal district court within 90 days of receipt if no appeal is filed, 29 C.F.R. § 1614.407.

A plaintiff's failure to exhaust administrative remedies can only be excused in extraordinary cases where the plaintiff can show "a good faith effort to comply with regulations coupled with detrimental reliance on false information from the defendant." *Twitty v. Potter*, 2008 WL 2277528 at *3 (N.D. Fla. 2008). Where, as here, a defendant contests the issue of administrative exhaustion, Plaintiff must establish that she timely met the filing and exhaustion requirements. *Green v. Cou. Union Foundry Co.*, 281 F.3d 1229, 1233 (11th Cir. 2002). *See also Hawkins v. Esper*, 2019 WL 5963520, at *5 (N.D. Ala. Nov. 13, 2019) (holding that EEO complaint filed one day late is untimely; timely filings are a "condition to the waiver of sovereign immunity" and are "strictly construed"); *see also Vazquez-*

'

*Rivera v. Figueroa*, 759 F.3d 44, 49 (1st Cir. 2014) ("The district court thus correctly found that Vázquez's administrative filing on July 27 [one day late] fell outside the fifteen-day period and was untimely under 29 C.F.R. § 1614.106(b).").

In this case, Plaintiff never alleged the facts set forth in paragraph 28-31 of the Amended Complaint, all of which are contained under the heading "Claims for which Plaintiff seeks recovery," and he never attempted to amend his EEO complaint to allege those facts. Thus, to the extent any of these allegations are intended to support Counts I or II of the Complaint, they are due to be dismissed and stricken.

## CONCLUSION

WHEREFORE, Defendant respectfully requests this Court to dismiss and strike paragraphs 28-31 of the Amended Complaint.

Respectfully submitted,

JASON R. COODY
United States Attorney

*/s/ Elizabeth Barry Trice*
**ELIZABETH BARRY TRICE**
Assistant United States Attorney
Alabama Bar No. 4558k69b
21 E. Garden Street, Suite 400
Pensacola, FL 32502
elizabeth.trice@usdoj.gov

ATTORNEYS FOR DEFENDANT

'

## **LOCAL RULE 7.1(F) CERTIFICATION**

I HEREBY CERTIFY that the foregoing motion for summary judgment, excluding the case caption and certifications, contains 1246 words based upon Microsoft Word's word count, in compliance with Local Rule 7.1(F).

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 18, 2024, the foregoing was filed electronically with the Clerk of the Court using the CM/ECF filing system and served on all counsel of record.

*/s/ Elizabeth Barry Trice*
**ELIZABETH BARRY TRICE**